**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0068n.06

Case No. 19-3563

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JIAN CHEN, | ) | **FILED** |
| | ) | Jan 30, 2020 |
| Petitioner, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE BOARD OF |
| WILLIAM P. BARR, Attorney General, | ) | IMMIGRATION APPEALS |
| | ) | |
| Respondent. | ) | **OPINION** |
| | ) | |

BEFORE: BATCHELDER, STRANCH, and NALBANDIAN, Circuit Judges.

NALBANDIAN, Circuit Judge. Few cases are more straightforward than this. Chen concedes that binding precedent now controls his case. So we deny his petition for review.

Jian Chen last entered the United States as a nonimmigrant visitor in 2001 and never left. In 2006, the Department of Homeland Security (DHS) issued a notice to appear, claiming that Chen was subject to removal for entering into a fraudulent marriage to evade immigration laws in violation of Section 237(a)(1)(A) of the Immigration and Nationality Act. This notice informed Chen that he had to appear "on a date to be set at a time to be set" for a hearing. (A.R. 1491.) Two months later, the Immigration Court sent Chen a hearing notice containing the date and time of his hearing. DHS added a later charge of removability against Chen for overstaying his visa and withdrew the fraudulent marriage charge. Chen admitted the factual allegations against him and conceded removability for overstaying his visa.

Chen then applied for asylum, withholding of removal, and protection under the Convention Against Torture. An immigration judge denied these claims and entered an order of removal. The Board of Immigration Appeals (BIA) dismissed Chen's appeal. And this Court denied his petition for review. *Chen v. Holder*, No. 14-3049 (6th Cir. Oct. 2, 2014) (order denying petition for review).

In 2018, Chen moved to reopen removal proceedings. Inadmissible or deportable aliens may be eligible for cancellation of removal if, among other factors, they have been physically present in the United States for a continuous period of ten years. 8 U.S.C. § 1229b(b)(1)(A). This period, however, stops running when DHS serves the alien with a notice to appear. 8 U.S.C. § 1229b(d)(1). In *Pereira v. Sessions*, the Supreme Court held that a notice to appear that does not set out the date and time of the alien's DHS hearing cannot trigger the "stop-time rule." 138 S. Ct. 2105, 2115–16 (2018). So Chen argued that because the initial notice to appear that DHS served him with lacked the date and time of his hearing, the "stop-time rule" was never triggered and he was eligible for cancellation of removal. The BIA denied Chen's petition under its own precedent, which holds that later notice of the date and time of an alien's hearing cures the initial notice's failure to contain this information. *See Mendoza-Hernandez & Capula-Cortes*, 27 I. & N. Dec. 520, 529 (B.I.A. 2019) (en banc). Chen then filed this appeal, arguing that the BIA abused its discretion in denying his motion to reopen.

A recent opinion by this court, *Garcia-Romo v. Barr*, adopted the BIA's position. 940 F.3d 192, 204 (6th Cir. 2019). *Garcia-Romo* held that an alien's receipt of all the categories of information required by 8 U.S.C. § 1229(a)(1)(A)-(G) triggers the "stop-time rule," no matter if DHS sends this information through a single written communication or multiple written installments. *Id*. at 196–97. This court considered *Pereira* and held that it does not compel a

different interpretation. *Id*. at 201–03. And the court also rejected the reasoning of *Lopez v. Barr*, 925 F.3d 396 (9th Cir. 2019), which Chen cites. *Id*. at 203–04. So under *Garcia-Romo*, the "stop-time rule" was triggered at a minimum by March 2007, meaning Chen was continuously present in the United States for less than six years; well below the required ten years necessary to be eligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(A). Chen concedes that we must apply *Garcia-Romo* and that he cannot win. (Pet'r's Reply Br. at 1–2); *see United States v. Moody*, 206 F.3d 609, 615 (6th Cir. 2000) ("This panel may not overrule the decision of another panel; the earlier determination is binding authority unless a decision of the United States Supreme Court mandates modification or this Court sitting en banc overrules the prior decision."). That said, he raises this appeal to preserve his ability to petition this court, en banc, to reconsider *Garcia-Romo* or the Supreme Court for certiorari. He will have his chance to do so. But today *Garcia-Romo* binds us, so we DENY the petition for review.